## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **HC&D, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. _____** |
| ) | |
| **PRECISION NDT & CONSULTING, LLC.,** ) | |
| **and CASHMAN EQUIPMENT CORP.** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

Plaintiff, HC&D, LLC ("HC&D"), by and through its undersigned counsel, Eckland & Blando LLP, files its Complaint against Defendants, Cashman Equipment Corp. ("Cashman Equipment") and Precision NDT & Consulting, LLC ("Precision") and allege upon information and belief as follows:

## PARTIES

1. At all times material hereto, the Plaintiff, HC&D, was a limited liability company organized under the laws of the State of Hawaii with a principal place of business at 1100 Alakea Street, Suite 2200, Honolulu, Hawaii 96813.

2. Upon information and belief, at all times material hereto, the Defendant, Cashman Equipment, was a domestic for-profit corporation organized under the laws of the Commonwealth of Massachusetts with a principal office at 60 Brooks Drive, Braintree, MA 02184.

3.  Upon information and belief, at all times material hereto, the Defendant, Precision, was a limited liability company organized under the laws of the State of Louisiana with an office at 404 Main Street, Patterson, LA 70392.

### JURISDICTION & VENUE

4.  This is a case of diversity jurisdiction within the meaning of 28 U.S.C. § 1332.

### FACTUAL ALLEGATIONS

5.  On September 28, 2020, HC&D and Cashman Equipment entered into a Purchase and Sale agreement for the Barge KAWIKA H f/k/a JMC 254 (O.N. 1078866) (the "Barge" or "Vessel").

6.  Cashman Equipment provided HC&D certain documentation and information during negotiations for the purchase of the Barge.

7.  Cashman Equipment provided HC&D Precision's April 2019 Hull Diminution Survey Prepared for ABS ("Precision Gauging Report") .

8.  HC&D relied upon the Precision Gauging Report while making the decision to purchase the Barge.

9.  After HC&D purchased the Barge, it made arraignments for the Barge to be towed from Amelia, Louisiana to Long Beach, California.

10. In February of 2021, the Barge underwent and inspection upon arrival in Long Beach, California

11. Despite the Precision Gauging Report, the post arrival survey showed extensive steel wastage throughout the Barge including sections of the Vessel that were holed out.

12. The wastage found during the arrival survey was consistent with coating breakdown left unaddressed for multiple years.

13. From March 2, 2021 to June 16, 2021, the American Bureau of Shipping ("ABS") attended at the Barge in Los Angeles to perform the following: 1) Annual Hull Survey; 2) Intermediate Hull Survey; 3) Class Survey; 4) Annual IOPP Annex; and, 5) Annual Load Line Survey.

14. ABS issued a Preliminary Report with over 200 hundred recommendations required for the Barge to maintain its class certification.

15. The Barge's Condition, upon arrival in Long Beach, CA was drastically different than what Cashman Equipment represented to HC&D in the materials provided during negotiations.

16. The extensive wastage in the Barge's steel, including locations that were completely "holed out" is significantly different than the nominal wastage, reflecting normal wear and tear, that was represented in the gauging reports provided by Cashman Equipment.

17. Cashman Equipment knew or should have known of the Barge's severely degraded condition.

18. Cashman Equipment is sophisticated marine construction corporation, knowledgeable in vessel and barge maintenance.

19. Cashman Equipment knew or should have known of the lack of maintenance performed on the Barge in its approximately twenty (20) years of ownership,

20. Cashman Equipment knew or should have known of the Barge's severely degraded condition in its approximately twenty (20) years of ownership,

21. Precision is an ABS certified Hull Inspection company with "technician certifications ranging from, but not limited to: ACCP Level II, ASNT level III, PED Level II, Api RP-2X, CWI, and API." (http://www.precisionndtllc.com).

22. Precision represents that it "…prides itself in providing the highest quality of work…" *Id.*

23. The Precision Gauging Report displayed nominal steel wastage in the Barge.

24. The extensive wastage in the Barge's steel, including locations that were completely holed out is significantly different than the nominal wastage, reflecting normal wear and tear, that was represented in the Precision's 2019 Gauging Report.

25. Precision knew or should have known of the Barge's severely degraded condition in 2019.

26. Precision should have accurately reflected the Barge's severely degraded condition in its 2019 survey report.

27. On November 30, 2021, HC&D served Cashman Equipment with a "Demand for Settlement Pursuant to M.G.L. v. 93A" ("93A Demand").

28. Cashman Equipment never submitted a response and/or offer of settlement in response to HC&D's 93A Demand.

29. Cashman Equipment's counsel and HC&D's counsel have discussed the matters raised in the 93A demand by telephone conference and email.

30. On November 30, 2021, HC&D served Precision with a "Demand for Settlement Pursuant to the Louisiana Unfair Trade Practices Act" ("LA Demand").

31. Precision never served a response to HC&D's LA Demand.

**COUNT I**
**FRAUD IN THE INDUCEMENT**
**(Cashman Equipment)**

32. HC&D hereby repeats and re-alleges each and every allegation set forth in Paragraph One (1) through Paragraph Twenty-Thirty (31) as if set forth herein at length.

33. Cashman Equipment provided, *inter alia*, Precision's 2019 Gauging Report to HC&D during negotiations for the Purchase and Sale of the Barge.

34. HC&D reasonably and detrimentally relied on Precision's 2019 Gauging Report and other representations provided by Cashman Equipment.

35. Cashman Equipment's fraudulent, reckless, and/or negligent material misrepresentations were made to induce HC&D to purchase the Barge.

36. HC&D has sustained and will continue to sustain damages as a direct result of Cashman Equipment's fraudulent and/or negligent material misrepresentations, the extent of which will be shown at trial.

WHEREFORE, Plaintiff, HC&D, LLC, requests this Honorable Court enter judgement in its favor on Count I for Fraud in the Inducement against Cashman Equipment Corp., together with interest, costs, and reasonable attorneys' fees.

**COUNT II**
**FRAUD**
**(Cashman Equipment)**

37. HC&D hereby repeats and re-alleges each and every allegation set forth in Paragraph One (1) through Paragraph Thirty-Six (36) as if set forth herein at length.

38. Cashman Equipment provided, *inter alia*, Precision's 2019 Gauging Report to HC&D during negotiations for the Purchase and Sale of the Barge.

39. In providing the Precision's 2019 Gauging Report and in other correspondence, Cashman Equipment made false representations.

40. Cashman Equipment's false representation concerned the condition of the Barge.

41. Upon information and belief, Cashman Equipment made the misrepresentation with knowledge of and/or with reckless disregard to its falsity.

42. Upon information and belief, Cashman Equipment made the representation to induce HC&D to purchase the Barge.

43. HC&D reasonably relied on Cashman Equipment's representation as true and acted on the representation to its detriment.

44. HC&D has sustained and will continue to sustain damages as a direct result of Cashman Equipment's false representations, the extent of which will be shown at trial.

WHEREFORE, Plaintiff, HC&D, LLC, requests this Honorable Court enter judgement in its favor on Count II for Fraud against Cashman Equipment Corp., together with interest, costs, and reasonable attorneys' fees.

## COUNT III
## NEGLIGENT MISREPRESENTATION
### (Cashman Equipment)

45. HC&D hereby repeats and re-alleges each and every allegation set forth in Paragraph One (1) through Paragraph Forty-Four (44) as if set forth herein at length.

46. Cashman Equipment had a duty to represent the condition of the Barge truthfully and accurately to HC&D.

47. Cashman Equipment breach its duty by providing materials that did not depict the true condition of the Barge.

48. HC&D has sustained and will continue to sustain damages as a direct result of the false information provided by Cashman Equipment, the extent of which will be shown at trial.

WHEREFORE, Plaintiff, HC&D, LLC, requests this Honorable Court enter judgement in its favor on Count III for Negligent Misrepresentation against Cashman Equipment Corp., together with interest, costs, and reasonable attorneys' fees.

### COUNT IV
### <u>VIOLATIONS OF M.G.L. c. 93A, §§ 2 AND 11</u>
### (Cashman Equipment)

49. HC&D hereby repeats and re-alleges each and every allegation set forth in Paragraph One (1) through Paragraph Forty-Eight (48) as if set forth herein at length.

50. Cashman Equipment's willful and knowing disbursement of false information to induce HC&D to purchase the Barge were violations of M.G.L. c. 93A, §§ 2 and 11

WHEREFORE, Plaintiff, HC&D, LLC, requests this Honorable Court enter judgement in its favor on Count IV for violations of M.G.L. c. 93A, §§ 2 and 11 against Cashman Equipment Corp., together with interest, costs, and reasonable attorneys' fees.

### COUNT V
### <u>FRAUD</u>
### (Precision NDT & Consulting)

51. HC&D hereby repeats and re-alleges each and every allegation set forth in Paragraph One (1) through Paragraph Fifty (50) as if set forth herein at length.

52. Upon information and belief, Precision's 2019 Gauging Report misrepresented the condition of the Barge.

53. Upon information and belief, Precision's 2019 Gauging Report was prepared recklessly and/or with the intent to deceive.

54. HC&D reasonably relied on the representations in Precision's 2019 Gauging Report as true and acted on Precision's 2019 Gauging Report when HC&D made the decision to purchase the Barge.

55. HC&D has sustained and will continue to sustain damages as a direct result of Precision's misrepresentations in the 2019 Gauging Report, the extent of which will be shown at trial.

WHEREFORE, Plaintiff, HC&D, LLC, requests this Honorable Court enter judgement in its favor on Count V for Fraud against Precision NDT & Consulting, LLC together with interest, costs, and reasonable attorneys' fees.

## COUNT VI
## FRAUDULENT MISREPRESENTATION
### (Precision NDT & Consulting)

56. HC&D hereby repeats and re-alleges each and every allegation set forth in Paragraph One (1) through Paragraph Fifty-Five (55) as if set forth herein at length.

57. Precision's 2019 Gauging Report misrepresented the condition of the Barge.

58. Precision's 2019 Gauging Report was prepared recklessly and/or with the intent to deceive.

59. HC&D reasonably relied on the representations in Precision's 2019 Gauging Report as true and acted on Precision's 2019 Gauging Report.

60. HC&D has sustained and will continue to sustain damages as a direct result of Precision's misrepresentations in the 2019 Gauging Report, the extent of which will be shown at trial.

WHEREFORE, Plaintiff, HC&D, LLC, requests this Honorable Court enter judgement in its favor on Count VI for Fraudulent Misrepresentation against Precision NDT & Consulting, LLC together with interest, costs, and reasonable attorneys' fees.

## COUNT VI
## NEGLIGENT MISREPRESENTATION
### (Precision NDT & Consulting)

61. HC&D hereby repeats and re-alleges each and every allegation set forth in Paragraph One (1) through Paragraph Sixty (60) as if set forth herein at length.

62. Precision a duty to inspect the Barge in a professional and truthful manner in accordance with industry standards and applicable regulations.

63. Precision breached its duty by failing to inspect the Barge in a professional and truthful manner in accordance with industry standards and applicable regulations.

64. Precision had a duty to supply truthful, accurate, and correct information in the 2019 Gauging Report.

65. Precision negligently, recklessly, and/or intentionally breached its duty by providing materials that did not depict the true condition of the Barge.

66. HC&D has sustained and will continue to sustain damages as a direct result of Precision's negligent, reckless, and/or intentional misrepresentations, the extent of which will be shown at trial.

WHEREFORE, Plaintiff, HC&D, LLC, requests this Honorable Court enter judgement in its favor on Count VI for Negligent Misrepresentation against Precision NDT & Consulting, LLC, together with interest, costs, and reasonable attorneys' fees.

## COUNT VII
## <u>VIOLATIONS OF LOUISIANA UNFAIR TRADE PRACTICES ACT</u>
### (Precision NDT & Consulting)

67. HC&D hereby repeats and re-alleges each and every allegation set forth in Paragraph One (1) through Paragraph Sixty-Six (66) as if set forth herein at length.

68. Precisions conduct in preparing the 2019 Gauging Report violated the Louisiana Unfair Trade Practices Act.

WHEREFORE, Plaintiff, HC&D, LLC, requests this Honorable Court enter judgement in its favor on Count VI for violations of Louisiana Unfair Trade Practices Act against Precision NDT & Consulting, LLC, together with interest, costs, and reasonable attorneys' fees together with interest, costs, and reasonable attorneys' fees.

### <u>HC&D DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED IN THE PLAINTIFF'S COMPLAINT</u>

Respectfully Submitted,
HC&D, LLC

Date: February 10, 2022                    By its attorneys,

*/s/ Samuel P. Blatchley*
Samuel P. Blatchley (BBO No. 670232)
ECKLAND & BLANDO LLP
22 Boston Wharf Road
7th Floor
Boston, MA 02210
(617) 217-6937
sblatchley@ecklandblando.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2022, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Samuel P. Blatchley
Samuel P. Blatchley (BBO No. 670232)
ECKLAND & BLANDO LLP
22 Boston Wharf Road
7th Floor
Boston, MA 02210
(617) 217-6937
sblatchley@ecklandblando.com