UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HC&D, LLC,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>PRECISION NDT & CONSULTING, LLC<br>and CASHMAN EQUIPMENT CORP.<br><br>　　　　　　　Defendants. | Civil Action No.  1:22-cv-10224-DPW |

**CASHMAN EQUIPMENT CORP.'S REPLY MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS**

Defendant, Cashman Equipment Corp. ("Cashman" or "Defendant"), submits this Reply Memorandum in Support of its Motion to Dismiss pursuant to Fed.R.Civ.Pro 12(b)(6) to respond to the claims and arguments posed by Plaintiff, HC&D, LLC ("Plaintiff" or HC&D") in its opposition to same.

**I.     Plaintiff "reliance" was unreasonable as a matter of law.  It seeks to rewrite the Contract to manufacture reasonableness**

Plaintiff repeatedly referenced its reliance upon allegedly fraudulent documents.  Cashman denies the accuracy of, and objects to, this characterization, but for the purpose of this Motion, so be it.  Plaintiff's emphasis on its purported reliance is misdirection.  The *reasonableness* of such reliance is the linchpin and Plaintiff's reliance was unreasonable as a matter of law.  Unable to clear this hurdle when presented with the Contract it actually executed, Plaintiff seeks to rewrite or otherwise distort the plain wording of the Contract.

**A.     Plaintiff explicitly disclaimed all representations by Cashman, without exception.**

Plaintiff did not adequately address the Contract language most relevant to the issues at

1.

hand. At Section 4, Plaintiff "explicitly disclaimed" and Cashman "explicitly disavowed" any alleged warranties or representations, express or implied, regarding the barge's condition, seaworthiness or qualification for classification. S*ee* ECF Doc. 4-1, at Sec. 4.  Plaintiff's disclaimer is unconditional and includes no exceptions nor carve-outs.  The unconditional nature is mirrored in Cashman's disavowal of all warranties and representations.

Plaintiff's opposition instead misconstrues and distorts other Contract language, analyzes generic "as-is" and integration clauses, (neither of which were argued, nor are at issue), and even suggests the Court utilize an alternative and after-the-fact reconfigured Section 4.  It is axiomatic that the plain and unambiguous Contract terms are not to be redrafted to a version the Plaintiff prefers.

### B.  The sale was not "subject" to the accuracy of certain documents.

Section 3 has two parts.  In the first part, Plaintiff stated it had reviewed the inspection and classification records of the vessel. Nothing in this sentence limits the universe of inspection and classification records to those provided by Cashman.  This sentence is properly read to mean that Plaintiff reviewed all the records, or at least all those it deemed appropriate. However, per the attachments to Plaintiff's Amended Complaint, it clearly had access to numerous other "inspection and classification records" which Plaintiff apparently declined to review. All this despite the fact Plaintiff affirmatively represented in the Contract that it had done so.

The second part of Section 3 declared the sale was not dependent upon Plaintiff conducting any inspection of the vessel. This type of clause is common and typically allows a buyer to inspect the object of its desire before consummating the sale - if buyer does not like what it sees, it may then opt to not purchase.  Section 3 in this Contract is nothing more than Plaintiff foregoing its ability to condition the sale upon the completion of an inspection of the barge.

Despite these two simple clauses in Section 3 (neither of which are convoluted, esoteric, or unusual), Plaintiff somehow extrapolated that Section 3 should be read to state that the "enforceability of [of the Contract] was subject to the truthfulness of [the] documents [provided by Cashman]."[1] This is nonsensical. The two clauses within Section 3 relate to Plaintiff's due diligence – it stipulated it had reviewed whichever of the vessel's records it wished to review and that it declined to condition the sale upon satisfactory results of an inspection.

But, to indulge Plaintiff's argument for a moment, then Plaintiff must account for the fact that it contractually stipulated that it had reviewed **all** the inspection and classification records. The scope of these records include those Plaintiff attached to its Amended Complaint. Notably, Plaintiff has advised the Court these documents would have deterred it from purchasing the barge.[2] Plaintiff offered no excuse for its less than thorough approach, but still asks the Court to ignore same.

Plaintiff also discussed the concept that a contract should not be read to render clauses as superfluous or meaningless. In this same vein, a contract must not be read in a way that contradicts the plain meaning of the words and phrases agreed to by the parties. Plaintiff's proposed reading of Section 3 does not honor the plain meaning of its words and clauses.

### C. **Plaintiff seeks to expand the Contract by claiming some, but not all, inspection records were "incorporated into the Contract."**

Plaintiff argued the Contract somehow incorporated the inspection records provided by Cashman.[3] The words of the Contract do not say this, nor is there any reasonable reading of them

---

[1] *See* Plaintiff's Opposition to Defendant Cashman Equipment Corp.'s Motion to Dismiss, ECF Doc. 13 at p. 2.

[2] Curiously, Plaintiff initially contractually stipulated it reviewed classification documents, but then later states that if had actually reviewed those same documents it would have taken a different course of action. (See Plaintiff's Opposition to Defendant Cashman Equipment Corp.'s Motion to Dismiss, ECF Doc. 13 at p. 4, fn. 2).

[3] *See* Plaintiff's Opposition to Defendant Cashman Equipment Corp.'s Motion to Dismiss, ECF Doc. 13 at p. 9.

that reaches such a conclusion. Plaintiff's signature on the Contract binds it to the position that it "reviewed the inspection and classification records of the vessel" with no exceptions, nor limitations. Plaintiff's argument focuses solely on certain documents, but ignores all others, including those it attached to its Amended Complaint. This position is neither a reasonable nor common sense reading of the Contract.

### D. Miscellany

Several points in Plaintiff's Opposition are secondary, but still warrant brief responses.

#### 1. It is of no moment if the alleged misrepresentations were written or oral.

Plaintiff has sought to distinguish *HSBC Realty Credit Corp. (USA) v. O'Neill*.[4] and *Turner v. Johnson & Johnson*[5] on the issue of written versus oral misrepresentations. *Turner* only referenced oral misrepresentations. But it did not exclude written misrepresentations, it simply did not address them. *HSBC Realty* did address alleged misrepresentation in writing. In *Gertz v. Vantel Int'l /Pearls in the Oyster, Inc.*, 2020 WL 3977404 (D.Mass. 2020), the Court acknowledged this non-issue:

> In *HSBC Realty*, the fraud claims were based, in part, on two provisions in the project-loan agreement alleged to constitute false statements of material fact made to induce defendant to sign the guaranty. The fact that those alleged false statements were not oral was of no matter to the court.[6]

#### 2. Generic "as-is" clauses and integration clauses are not at issue

Plaintiff's arguments on these issues are a detour from the determination of whether its alleged reliance was reasonable. There is an "as-is" clause in the Contract. However, it is not relied upon in this context. It is the clear and unambiguous disclaimer and disavowal language in

---

[4] 745 F.3d 564 (1st. Cir. 2014).

[5] 809 F.2d 90 (1st Cir. 1986).

[6] *Id*. at *12, citing *HSBC Realty,* 745 F.3d at 570 (internal citations and quotes omitted).

Section 4, which Cashman respectfully suggests guides the Court's analysis.

### 3. **There were extenuating circumstances surrounding Cashman's misstep of Local Rule 7.1 (a)(2).**

Plaintiff served its Amended Complaint, with varying exhibits, on three separate occasions. Rather than waste time parsing which version triggered Plaintiff's deadline to respond, undersigned asked Plaintiff's counsel when he considered responsive pleadings would be due. Plaintiff's counsel claimed May 13, 2022.

A teleconference was scheduled for May 10, 2022 between counsel. Plaintiff represented it wished to discuss settlement. Undersigned was willing to do so, but also wished to address Cashman's now-pending Motion to Dismiss. Prior to the conference, both undersigned and Plaintiff's counsel contracted Covid. The call was cancelled, and on the same date, undersigned requested, in writing, an extension of time to file responsive pleadings. Plaintiff's counsel did not respond to this request, leaving undersigned in an uncomfortable and uncertain position. Rather than run the risk of missing this deadline, Cashman proceeded with filing its Motion. After the filing, undersigned sought to reschedule the teleconference with Plaintiff's counsel. He declined unless there was an assurance Cashman would tender a settlement offer. No conference occurred. Respectfully, Cashman did not "thumb its nose" at the Court's Local Rules.

### E. **Request for Oral Argument**

Pursuant to Local Rule 7.1 (d), undersigned respectfully suggests the oral argument may assist the Court and requests same.

**WHEREFORE**, Cashman Equipment Corp. prays that its Motion to Dismiss be allowed and this honorable Court enter an Order dismissing all Plaintiff's claims against Cashman Equipment Corp., including an award of all costs and expenses incurred with the filing of this Motion.

DATED:  June 16, 2022.

                                                Respectfully submitted,

                                                */s/ Scott D. Brownell*
                                                Scott D. Brownell (Louisiana Bar #26223)
                                                527 E. Boston St., Suite 201
                                                Covington, LA  70433
                                                Phone: (504) 390-1982
                                                E-mail:  scott@sbrownell.com

                                                */s/ Stephen W. Rider*
                                                Stephen W. Rider, Esq., BBO # 419820
                                                350 Lincoln Street – Suite 2400
                                                Hingham, MA 02043
                                                Tel:  781-740-1289
                                                Fax:  781-207-9160
                                                Email: stephen.rider@swrpc.com

                                                ***Attorneys for Cashman Equipment Corp.***

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 17, 2022.

                                                /s/   Scott Brownell
                                                Scott D. Brownell