UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HC&D, LLC, ) | |
|     *Plaintiff*, ) | |
| v. ) | Civil Action No. 1-22-cv-10224-DPW |
| PRECISION NDT & CONSULTING, LLC, and ) CASHMAN EQUIPMENT CORP., ) | |
|     *Defendants.* ) | |

**PRECISION NDT & CONSULTING, LLC'S RULE 12(B)(2) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

The defendant, Precision NDT & Consulting, LLC ("Precision"), respectfully submits this Rule 12(b)(2) motion to dismiss the plaintiff's Amended Complaint and supporting memorandum of law. This Court should dismiss the Amended Complaint based upon the lack of personal jurisdiction over Precision.

**Summary of the Argument**

The plaintiff has the burden of proving a court's personal jurisdiction over a defendant. *Foster–Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 144 (1st Cir.1995). Personal jurisdiction is limited by the United States Constitution and the Massachusetts long-arm statute. *Id.; United Elec. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir.1992); *M.G.L.* c. 223A, § 3.

The Constitution limits personal jurisdiction to situations in which: (1) the plaintiff's claims arise out of the defendant's acts or omissions in the forum state (i.e., specific jurisdiction); or (2) the defendant's contacts with the forum state are "continuous and systematic" (i.e., general jurisdiction). *Foster–Miller, Inc.,* 46 F.3d at 144 (1st Cir.1995); *United Elec. Workers*, 960 F.2d

2

at 1088.  The Massachusetts long-arm statute imposes additional restrictions on the scope of personal jurisdiction.  *M.G.L. c.* 223A, § 3.

Precision is a company organized and located in Louisiana.  *Am. Compl.*, ¶ 3.  The plaintiff's allegations against Precision arise out of Precision's inspection of a barge in Louisiana.  *Id.* at ¶ 21.  Precision does not generally conduct business in Massachusetts.  In these circumstances, there is no basis for claiming specific or general personal jurisdiction against Precision in Massachusetts.

## Relevant Background

Precision is a limited liability company organized and headquartered in Louisiana.[1] Its principal place of business is in Louisiana.[2]  Precision does not operate in Massachusetts.[3] Precision does not provide goods or services in Massachusetts and does not advertise in Massachusetts.[4]  Precision does not employee any sales agents in Massachusetts.[5] During the relevant timeframe referenced in the Amended Complaint, Precision did not derive any revenue from Massachusetts.[6]

Precision's corporate officers are citizens of Louisiana.[7] Precision does not have any officers or directors living in Massachusetts.[8]  Precision does not make any decisions concerning company-wide operations in Massachusetts.[9]

---

[1] *Affidavit of Stephen Swisher,* **Exhibit A**, ¶ 3-4.
[2] *Id.* at ¶ 3-4.
[3] *Id.* at ¶ 5.
[4] *Id.* at ¶ 6.
[5] *Id.* at ¶ 7.
[6] *Id.* at ¶ 8.
[7] *Id.* at ¶ 9.
[8] *Id.* at ¶ 9
[9] *Id.* at ¶ 10.

The Amended Complaint asserts that the plaintiff (a Hawaii-based company) purchased a barge from the co-defendant, Cashman Equipment (a Massachusetts-based company). The Purchase Agreement indicates that the sale occurred on September 28, 2020. *Am. Compl.*, *Ex. 1*.

The Amended Complaint alleges that, prior to this sale, Precision prepared a barge inspection report "at the behest of Cashman Equipment." *Am. Compl.*, ¶ 21. Precision concluded its inspection in September 2019, one year prior to the sale. *Am. Compl.*, *Ex. 3*. The report states that Precision conducted the inspection at the owner's request and that Precision conducted the inspection in Louisiana. *Id.*

The plaintiff alleges that the report contained inaccuracies concerning the condition of the barge, which the plaintiff purportedly discovered after moving the barge from Louisiana to California. *Id.* at ¶ 28. The Amended Complaint does not allege that the plaintiff conducted any business directly with Precision, nor does it allege that Precision conducts any general business in Massachusetts. Likewise, the Amended Complaint does not allege that Precision performed any of its inspection services in Massachusetts.

## Argument

**I. THE RESTRICTIONS IMPOSED BY THE UNITED STATES CONSTITUTION DO NOT PERMIT THIS COURT TO EXERCISE PERSONAL JURISDICTION OVER PRECISION.**

In a claim involving subject matter jurisdiction based upon diversity of citizenship, the Court's scope of personal jurisdiction is limited by constitutional due process considerations as well as the Massachusetts long-arm statute. *Foster–Miller, Inc.*, 46 F.3d at 144; *United Elec. Workers*, 960 F.2d at 1088.

The Fourteenth Amendment of the Constitution restricts the scope of personal jurisdiction. *Int'l Show Co. v. State of Washington*, 326 U.S. 310, 316 (1945). The restrictions limit personal jurisdiction to situations in which: (1) the defendant establishes minimum contacts

4

with the forum state and purposefully avails itself of the state's benefits; and (2) the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Id.* This limited scope ensures that "a defendant will not be hauled into a jurisdiction solely as the result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

      **A. The Constitution Does Not Permit this Court to Exercise Specific Jurisdiction over Precision Because Precision Conducted its Business in Louisiana.**

Specific jurisdiction exists when the plaintiff's injury "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Helicpoteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, n.8 (1984). The analysis depends upon whether the non-resident defendant "purposefully directed his activities at the residents of the forum." *Burger King*, 471 U.S. at 472. If the injury did not result from the defendant's voluntary, purposeful contact activities within the forum state, then personal jurisdiction is not proper. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct 1773, 1781 (2017). A defendant's execution of a contract with a forum state's resident – not the fact pattern here – does not automatically establish personal jurisdiction in that forum state. *Adams v. Adams*, 601 F.3d 1, 7 (1st Cir. 2010).

The plaintiff's claims against Precision relate entirely to Precision's conduct in Louisiana. *See generally* R. Doc. 1 at ¶7, ¶27. The Amended Complaint alleges that Cashman Equipment asked Precision to conduct an inspection of this barge. *Am. Compl.*, ¶ 21. The Amended Complaint does not allege that Precision reached into Massachusetts to solicit business from Cashman Equipment. *See id.* Precision conducted its inspection and prepared its report in Louisiana. *Id.* at *Ex. 2*. The plaintiff (who is not a Massachusetts resident) purchased the barge one year later and transported it to California. *Id.* at ¶ 26.

These allegations do not establish that Precision "purposefully directed" any business in Massachusetts. They also do not establish that the plaintiff's injuries resulted from Precision instigating voluntary, purposeful contact with Massachusetts. Therefore, there is no basis for asserting specific jurisdiction in Massachusetts. *See Adams*, 601 F.3d at 6 (defendant did not submit himself to personal jurisdiction in Massachusetts by signing contract with Massachusetts resident); *Phillips Exeter Acad. v. Howard Phillips Fund*, 196 F.3d 284, 292 (1st Cir. 1999) (no personal jurisdiction where defendant did not initiate contact with Massachusetts resident).

**B.   The United States Constitution Does Not Permit this Court to Exercise General Jurisdiction over Precision.**

The Constitution permits "general" personal jurisdiction when a non-resident defendant's contact with the state is "so continuous and systematic as to render [the defendant] essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The presence of a registered agent in a forum state does not provide a basis for asserting general jurisdiction. *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945).

A corporate defendant is typically subject to general jurisdiction in its state of incorporation or the state in which it has a principal place of business. *Id.* at 137. Only "exceptional" cases justify a forum state exercising general jurisdiction over a non-resident business entity. *Id.* at 139, n. 19; *see also Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1953).

The Amended Complaint fails to establish general jurisdiction as to Precision. It does not allege that Precision generally does business in Massachusetts or that Precision has "continuous

6

and systematic" contacts with Massachusetts.  Rather, the Amended Complaint acknowledges that Precision is organized and located in Louisiana and that all members of the company are citizens of Louisiana.  *Am. Compl.*, ¶ 3.

As established by **Exhibit A**, Precision is a Louisiana limited liability company which maintains its principal place of business and headquarters in Louisiana.  Precision has no principal place of business or headquarters in Massachusetts.  It has no bank accounts, officers, corporate offices, or sales agents in Massachusetts.  At the time of this incident, Precision received no revenue from Massachusetts. There is no basis, therefore, to assert general jurisdiction over this defendant in Massachusetts.

The claim against Precision is not an "exceptional case," in which Precision's contact with Massachusetts is "so substantial and of such a nature as to render the corporation at home" in Massachusetts.  Precision is simply a Louisiana company operating in Louisiana.  *C.f. Perkins*, 342 U.S. at 437 ("exceptional" case existed where non-resident corporation relocated to forum state during wartime, held meetings in forum state, opened a bank account in the forum state, and made company decisions in forum state).  As such, general jurisdiction is not warranted.

II. **THE MASSACHUSETTS LONG-ARM STATUTE PREVENTS THIS COURT FROM EXERCISING PERSONAL JURISDICTION OVER PRECISION.**

Beyond the constitutional considerations, the Massachusetts long-arm statute imposes statutory restrictions on the scope of personal jurisdiction.  *M.G.L.* c. 223A, § 3; *Cossart v. United Excel Corp.*, 804 F.3d 13, 18 (1st Cir. 2015).  The relevant portion of the statute states:

> "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth; (b) contracting to supply services or things in this commonwealth; (c) causing tortious injury by an act or omission in this commonwealth; [or] (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives

substantial revenue from goods used or consumed or services rendered, in this commonwealth ...."

*M.G.L.* c. 233A, § 3.

The Amended Complaint does not establish personal jurisdiction under the long-arm statute. Precision did not transact business in Massachusetts, supply services in Massachusetts, or engage in an act or omission in Massachusetts. Rather, the Amended Complaint alleges that Cashman Equipment reached out to Precision, in Louisiana, to conduct an inspection in Louisiana. *Am. Compl.*, ¶ 21.[10] The Amended Complaint alleges that Cashman Equipment subsequently provided the report to the plaintiff, a company organized in located in Hawaii. *Id.* at ¶ 22. The plaintiff allegedly relied upon the report to purchase the barge and move it to California. *Id.* at ¶ 26. These allegations do not fall within subsections (a) through (c) of the Massachusetts long-arm statute. *See Whittaker Corp.*, 482 F. 2d. 1079.

The remaining subsection (d), which is analogous to general jurisdiction, requires evidence that Precision regularly does or solicits business in Massachusetts; engaged in a "persistent course of conduct" in Massachusetts, or derives "substantial revenue" from services rendered in Massachusetts. *M.G.L.* c. 233A, § 3. As discussed above, there is no such evidence. Therefore, there is no basis for asserting personal jurisdiction under the long-arm statute.

## Conclusion

The Amended Complaint fails to allege that the plaintiff's alleged injury arose out Precision's acts or omissions in Massachusetts. The Amended Complaint also fails to establish continuous and systematic business activity in Massachusetts. Therefore, based upon the

---

[10] *See Lyle Richards Int'l, Ltd. v. Ashworth, Inc.,* 132 F.3d 111, 113 (1st Cir. 1997) (no statutory jurisdiction where defendant did not initiate contact in Massachusetts and did not perform work in Massachusetts); *Whittaker Corp. v. United Aircraft Corp.*, 482 F.2d 1079, 1085 (1st Cir. 1973) (no statutory jurisdiction where contract did not require defendant to perform work in Massachusetts).

restrictions imposed by the United States Constitution and Massachusetts long-arm statute, this Court should dismiss the plaintiff's claims against Precision with prejudice.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | PRECISION NDT & CONSULTING, LLC, |
|  | By its attorneys, |
|  | */s/ Stephen J. Orlando* |
|  | _____ |
|  | Jay S. Gregory, Esq., BBO#546708 |
|  | jgregory@grsm.com |
|  | (857) 504-2021 |
|  | Stephen J. Orlando, Esq. BBO #687670 |
|  | sorlando@grsm.com |
|  | (857) 504-6104 |
|  | GORDON & REES SCULL MANSUKHANI, LLP |
| DATED:  August 11, 2022 | Custom House Street, 5th Floor |
|  | Boston, Massachusetts  02110 |

## RULE 7.1 CERTIFICATION

I hereby certify that I have conferred with counsel for the plaintiff in good faith to resolve or narrow the issues raised in this motion on August 10, 2022

/s/ Stephen J. Orlando

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of August, 2022, I electronically filed the foregoing document and served it upon counsel of record for all parties that have appeared in this action through the Court's electronic filing system.

*/s/ Debra A. Hession*
Debra A. Hession