UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HC&D, LLC,

                    Plaintiff,

        v.

PRECISION NDT & CONSULTING, LLC
and CASHMAN EQUIPMENT CORP.

                    Defendants.

Civil Action No.  1:22-cv-10224-DPW

CASHMAN EQUIPMENT CORP.'S OPPOSITION TO
MOTION TO TRANSFER VENUE

        Plaintiff, Cashman Equipment Corp. ("Cashman"), submits this Opposition to the Motion
to Transfer Venue (ECF No. 25) filed by Plaintiff, HC&D, LLC ("HC&D" or "Plaintiff").  As
shown herein, this matter should remain before this Court and should not be transferred to the
Western District of Louisiana.

I.      Introduction

        On *Let's Make a Deal*, host Monty Hall gave contestants an opportunity to win a valuable
prize hidden behind door number 1, 2, or 3.  No clues were provided as to which door obscured
the choice prize – the pick was based upon blind luck.  If the contestant chose well, he/she was
rewarded, but otherwise, received a much less desirable prize (a "zonk" which included such
oddities as a goat or a "salami tree").  Importantly, once a contestant selected his/her door, there
were no "do-overs".

        Prior to filing suit on February 10, 2022, HC&D was presented with three venue "doors":
(1) Hawai'i, where it is headquartered; (2) Louisiana, where the barge was originally located and
where defendant, Precision NDT & Consulting, LLC ("Precision") is headquartered; and (3)

Massachusetts, where HC&D contractually bound itself to litigate and the location of Cashman's headquarters.

Unlike the hypothetical game show contestant, HC&D was not blindly picking a venue. It had competent counsel, it evaluated its options, and it decided Door Number 3 was its best choice.[1] The game show contestant did not get a "do-over" following a blind selection and HC&D certainly should not get a "do-over" after making a considered selection.

## II.   Law and Analysis

### A.  There has been no change in circumstances since plaintiff filed its suit.

In the uncommon instances[2] where a plaintiff chose a forum then changed its mind, one factor considered by the courts is whether there has been a change in circumstances that justify a "do-over" by the plaintiff-movant. In *Depianti v. Jan-Pro Franchising Int'l, Inc.*[3] this District Court [4] identified same as an important factor to be considered.  It also compiled and referenced multiple decisions that analyzed this point:

- Transfer denied where plaintiff failed to show a change in circumstances subsequent to the filing of suit, *James v. Daley & Lewis*, 406 F.Supp. 645, 648-649 (D. Del. 1976) ("[B]efore a court will grant a plaintiff's motion for a change of venue, he must first show a change in circumstances since the filing of his suit . . . . None of plaintiff's reasons for transfer has arisen since the inception of this suit, and . . . the motion . . . will be denied.").

- Transfer denied where plaintiff gave no reason for change of forum, *Samaan v. St.*

---

[1] Plaintiff intentionally selected this forum and documented the deliberative nature of this choice by disclosing to the Court portions of its strategic evaluation (*See* ECF No. 26 at fn. 18).

[2] "[T]he cases that address a motion for transfer . . . invariably assume it is the defendant making the motion." *Samaan v. St. Joseph's Hosp.*, 685 F.Supp.2d 163 at 168, (D. Me. 2010).

[3] 2016 WL 4771056 (D. Mass. 2016).

[4] Hon. Wolf, D.J.

*Joseph Hosp.*, 685 F.Supp. 2d 163 at 168 (D. Me. 2010) ("In short, Mr. Samaan initiated the case in Maine, he chose his forum, he has given no good reason for judicial interference with his decision, and he must abide by his choice.");[5]

In this instance Plaintiff has failed to identify a single pertinent fact or circumstance that has changed since it filed suit.  When Plaintiff initiated this action, it was fully aware that (1) it had contractually bound itself to litigate in Massachusetts and (2) that Precision was located in Louisiana.  Plaintiff was also fully aware of every other fact and circumstance mentioned and/or relied in its Motion to Transfer Venue.  The only facts or circumstances that have changed since Plaintiff selected this forum are the additions to the docket of two persuasive Motions to Dismiss. The facts and circumstances pertinent to Plaintiff's Motion have been, and remain, static since its initial filing.  Plaintiff has demonstrated not a single change of circumstance, let alone one that warrants a transfer of venue.

### B.  Plaintiff failed to establish venue in Louisiana is proper as to Cashman.

Plaintiff bears the burden of proof that Louisiana is a proper venue as to both Precision and Cashman. *Depianti* at \*3.  A careful reading of Plaintiff's Motion reveals it has failed to do so.

All Plaintiff's allegations against Cashman relate to allegedly fraudulent statements or omissions, all of which would have originated from within Massachusetts.[6]  At pp. 5-6 of its Memorandum in Support (ECF No. 26), Plaintiff purported to establish Louisiana as a proper venue.  Therein, Plaintiff offered only three touchstones relative to Cashman and the propriety of a Louisiana venue:

---

[5] *See also Haire v. Miller*, 447 F.Supp. 57 at 62 (D. Miss. 1977) ("[t]he right to a transfer . . . is available to a plaintiff . . . if [plaintiff] later discovers there are good reasons for transfer.").

[6] Cashman unequivocally denies making any fraudulent statements or omissions.

**1. The presence of Cashman's barge in Louisiana - which does not establish proper venue as to Cashman.**

In relying upon this fact, Plaintiff drifts away from the crux of its allegations against Cashman.  Cashman's alleged torts are all misrepresentations.  Plaintiff has not alleged (let alone proven) any alleged misrepresentations were made from Louisiana. The location of the barge has no bearing, nor relation to where Cashman's alleged torts occurred, nor where they had any alleged impact.

**2. Cashman allegedly "operated and maintained the barge in Louisiana" – which does not establish proper venue as to Cashman.**

This point suffers from the same deficiencies as point no. 1, above.  Again, Cashman's alleged operation and maintenance of the barge in Louisiana are acts wholly disconnected from alleged misrepresentations and omissions that would have emanated from Massachusetts.

**3. ABS Surveys "issued" in Louisiana – which do not establish proper venue as to Cashman.**

In referencing this issue, Plaintiff attempted a semantic sleight of hand.  Specifically, Plaintiff claims these Surveys were issued in Louisiana.[7]  But, the operative detail (or act, or omission) is that Cashman "suppressed" these Surveys.  The act or omission pertinent to Plaintiff's claims is **not** the *issuance* of said Surveys, but the alleged *suppression* of them.  While Cashman did no such thing, if it did, same would have occurred in Massachusetts, not Louisiana.

Plaintiff bears the burden of proof that Louisiana is a proper venue for all the defendants.  It has failed to do so with regard to Cashman.  Its Motion to Transfer Venue should be denied.

---

[7] What constitutes "issued" in this context is never explained.  Moreover, Plaintiff offered no proof in support of same.

### C.  Plaintiff seeks to avoid its contractually stipulated forum.

Plaintiff chose to contractually limit potential venues for litigation arising out of the barge to Massachusetts.  It then chose to sue in Massachusetts due to this contractual stipulation. *See* ECF No. 26 at fn. 18.  Despite these two separate and carefully reasoned decisions, Plaintiff now comes to this Court and seeks to be excused from its willing and voluntary choices. In doing so, Plaintiff foregoes the ability to argue any convenience factors in favor of transfer:

> When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. The district court must deem the private-interest factors to weigh entirely in favor of the preselected forum because whatever inconvenience the parties would suffer by being forced to litigate in the contractual forum as they agreed to do was clearly foreseeable at the time of contracting.  As a consequence, a district court may consider arguments about public-interest factors only.

*Get in Shape Franchise, Inc. v. TFL Fishers. LLC, et al.*[8]

Plaintiff has not mentioned the "private factors" or the "public factors" usually analyzed to determine the propriety of a transfer. *Depianti* at *3.  Plaintiff carries the burden of proof and its failure to address and satisfy either the public or private factors demonstrate both should be found to weigh against transfer.  Plaintiff instead put all of its eggs in the basket of "interest of justice".

Anticipating the forum selection clause issue, Plaintiff preemptively relied upon the *Get in Shape* decision for the proposition that a forum selection clause should be disregarded in some circumstances.  However, the circumstances of the *Get in Shape* holding are starkly distinguishable from the circumstances of this matter.  In *Get in Shape*, the contractually designated forum was Massachusetts.  However, the defendant resisted the forum selection clause and brought a counterclaim under the Indiana Deceptive Franchise Practice Act.  This was quite pertinent insofar

---

[8] 167 F.Supp.3d 173 at 205 (D. Mass. 2016), quoting *Astro–Med, Inc. v. Nihon Kohden Am., Inc.,* 591 F.3d 1, (1st Cir.2009) and *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, ––– U.S. ––––, 134 S.Ct. 568, 577, 187 L.Ed.2d 487 (2013).

as there was also an addendum to the contract that required the application of Indiana law, as well as instruction on the resolution of any claims under the Indiana Deceptive Franchise Practices Act. This addendum ultimately provided the primary basis upon which the Court held the addendum was sufficient to overcome the Massachusetts forum selection clause:

> Indiana has a strong interest in deciding this case because the Indiana Deceptive Franchise Practices Act . . . applies to the franchise agreement. Although the contract includes a choice-of-law provision stating that Massachusetts law governs, the parties also signed an Indiana Addendum to the Franchise Agreement. The Indiana Addendum elaborates that, notwithstanding anything to the contrary in the agreement, 'the laws of the State of Indiana supersede any provisions in the offering circular, the Agreement, or the State of Incorporation law, if these provisions are in conflict with Indiana law.' The Indiana Addendum further specifies that "any provision in the Agreement which limits in any manner whatsoever litigation brought for breach of the Agreement will be void to the extent that [it] ... violates the Indiana Deceptive Franchise Practices Law.

*Get in Shape* at 205-206 (internal quotations omitted).

The *Get in Shape* holding is wholly distinguishable from this matter.  In the instant case, there are no addenda specifying another choice of law or forum.  Moreover, Plaintiff specifically limited its claims against Cashman to Massachusetts causes of action.  Unlike the parties in *Get in Shape*, the parties to the contract in this matter did not supplement their contractual relationship in any way that would invoke Louisiana law.  The *Get in Shape* holding is so distinguishable on this point that it should not be considered persuasive.

### D.  Cashman adopts the arguments of Precision in its Opposition (ECF. No. 29).

Cashman adopts the arguments made by Precision in its Opposition (ECF No. 29), as if copied herein, *in extenso*.

### III.   Summary and Conclusion

Plaintiff made calculated choices at every step leading up to its most recent election to seek a change of venue.  It has pulled back the curtain revealing some of its deliberative process and

per Precision's Opposition, was even advised at a meet and confer as to Precision's lack of presence in this jurisdiction. Once Plaintiff's choices inadvertently set this matter in an unfavorable direction and triggered multiple Motions to Dismiss, Plaintiff then came to the Court seeking relief from a situation of its own making. No dispensation should be granted on this issue.

- Plaintiff failed to identify any change in circumstances that would justify its change in position.

- Plaintiff failed to carry its burden of proof to demonstrate that Louisiana is a proper venue to hear its claims against Cashman.

- Plaintiff failed to allege, let alone prove any acts or omissions on the part of Cashman that occurred in Louisiana.

- Finally, Plaintiff has sought to create a back door escape hatch to avoid its contractual decision to agree to Massachusetts as the sole and proper venue for its claims.

In conclusion, Plaintiff has failed to demonstrate the interest of justice warrants a transfer of this matter to the Western District of Louisiana.

**WHEREFORE**, Cashman Equipment Corp. prays that the Court deny Plaintiff's Motion to Transfer Venue.

**DATED**: October 5, 2022.

**CERTIFICATE OF SERVICE**

     I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 5, 2022.

/s/   *Scott Brownell*
Scott D. Brownell

Respectfully submitted,

*/s/ Scott D. Brownell*
Scott D. Brownell (Louisiana Bar #26223)
527 E. Boston St., Suite 201
Covington, LA  70433
Phone: (504) 390-1982
E-mail:  scott@sbrownell.com

*/s/ Stephen W. Rider*
Stephen W. Rider, Esq., BBO # 419820
350 Lincoln Street – Suite 2400
Hingham, MA 02043
Tel:  781-740-1289
Email: stephen.rider@swrpc.com

**Attorneys for Cashman Equipment Corp.**