UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HC&D, LLC, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 22-cv-10224-ADB |
| | * | |
| CASHMAN EQUIPMENT CORP., | * | |
| | * | |
| Defendant. | * | |
| | * | |

**<u>MEMORANDUM AND ORDER</u>**

BURROUGHS, D.J.

Before the Court is Defendant's motion to exclude or limit the expert testimony of

Plaintiff's expert, Arne Stenseng, [ECF No. 116], which Plaintiff has opposed, [ECF No. 126].

Defendant seeks to exclude Stenseng's anticipated testimony on the following topics: (1) "the

validity of the 2019 gaugings and/or gauging report from Precision," [ECF No. 116 at 2–3]; (2)

prior damage and repairs to the barge, <u>see</u> [<u>id.</u> at 7]; (3) the basis of the American Bureau of

Shipping's 2019 Special Survey, <u>see</u> [<u>id.</u> at 10]; (4) what Cashman should have disclosed in

relation to the transaction, <u>see</u> [<u>id.</u> at 12]; (5) the basis of two other survey reports, <u>see</u> [<u>id.</u> at 13];

and (6) the repair costs that would be required if HC&D made repairs consistent with the 2021

ABS report, <u>see</u> [<u>id.</u> at 13].  For the following reasons, Defendant's motion, [ECF No. 116], is

**<u>DENIED</u>** with leave to renew at trial if Stenseng's testimony exceeds the boundaries delineated

below.

## I.    LEGAL STANDARD

The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and

Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).  Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>         (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>         (b) the testimony is based on sufficient facts or data;
>         (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.  Daubert requires the Court to "act as gatekeeper to 'insur[e] that the fact-

finding process does not become distorted by "expertise that is fausse and science that is

junky."'" Neural Magic, Inc. v. Meta Platforms, Inc., 659 F. Supp. 3d 138, 152 (D. Mass. 2023)

(alterations in original) (quoting Fed. Ins. Co. v. Pentair Residential Filtration, LLC, No. 12-cv-

10853, 2013 WL 6145531, at *3 (D. Mass. Nov. 21, 2013)).  First, the Court "determine[s]

whether the witness is sufficiently qualified by 'knowledge, skill, experience, training, or

education' to give his proffered opinion."  Id. (quoting Fed. Ins. Co., 2013 WL 6145531, at *3).

Then, "[i]f the witness is deemed qualified, the judge must next determine whether the specific

testimony offered in the case 'both rests on a reliable foundation and is relevant to the task at

hand.'"  Id. (quoting In re Nexium (Esomeprazole) Antitrust Litig., 842 F.3d 34, 52 (1st Cir.

2016)).  This determination requires "an inquiry into the methodology and the basis for an

expert's opinion," id. (quoting Samaan v. St. Joseph Hosp., 670 F.3d 21, 31 (1st Cir. 2012)), and

there must be "an adequate fit between the expert's methods and his conclusions."  Id. (quoting

Samaan, 670 F.3d at 32).  "[A] court may exclude an expert's opinion when it is based upon

2

conjecture or speculation deriving from an insufficient evidentiary source." E.E.O.C. v. Tex. Roadhouse, Inc., 215 F. Supp. 3d 140, 158 (D. Mass. 2016).

## II.    DEFENDANT'S CHALLENGES

### A.    2019 Precision Gauging Report

Defendant seeks exclusion of Stenseng's anticipated testimony related to the 2019 gauging report prepared by Precision NDT & Consulting on the basis that the testimony relies on a comparison with 2021 measurements recorded by International Inspections that Defendant argues (1) would be inadmissible at trial, see [ECF No. 116 at 3, 6–7], (2) are not in the record of this case, see [id. at 3–4], and (3) were not personally validated by Stenseng, see [id. at 4–5].[1] None of these provide a valid reason to exclude the evidence.  Stenseng does not rely on any factual assumptions that would require support in the record; rather, he relies on the measurements contained in the report produced by International Inspections.  Underlying reports "need not be admissible for the [expert's] opinion to be admitted" if "experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject," Fed. R. Evid. 703, and experts do not need to independently validate those reports if reliance on their accuracy is reasonable for experts in that field, e.g., Nicholson v. Biomet, Inc., 46 F.4th 757, 766 (8th Cir. 2022) (noting that a biomedical engineer could "rel[y] on medical experts' opinions about the clinical effects of metal ions"); Masayesva v. Hale, 118 F.3d 1371, 1379 (9th Cir. 1997) (permitting expert to rely on third-party "background information about corn sales").  The Court is satisfied that Stenseng's proposed testimony on this point satisfies the

---

[1] The Court notes that this issue may well be moot in large part given that Plaintiff intends to call a records custodian to authenticate the report, potentially making it admissible and therefore part of the record of the case.

Daubert standard.  To the extent that Defendants object to Stenseng's methodology, they can challenge the credibility of his testimony on cross examination.

### B.      Prior Damage and Repairs

Defendant seeks exclusion of Stenseng's conclusion that certain damages occurred to the barge in 2019 and that those damages either were not repaired or were not repaired correctly on the basis that Stenseng did not know the precise details of those damages or repairs.  See [ECF No. 116 at 7–10].  Stenseng does not need to be able to state specifically where certain damages or repairs occurred to testify that those damages existed or that those repairs occurred, provided that the methods he used to reach those conclusions satisfy the Daubert standard.[2]  Nor does the fact that Stenseng did not personally see the damages or photographs of them render his method unreliable.  Because Defendant does not present any other challenge to the reliability of Stenseng's method, arguing only that Stenseng's conclusions are not sufficiently specific, the Court will not exclude the testimony on the motion now before it.  Nor would Stenseng's testimony on this point "improperly expand the duties Plaintiff has alleged Cashman breached," [id. at 9], as the condition of the barge prior to sale is probative of the issues properly in dispute.

### C.      The 2019 ABS Survey

Defendant seeks to exclude Stenseng's anticipated testimony about what the American Bureau of Shipping (ABS) relied on in its 2019 survey and what it would have done if presented with different gauging data.  [ECF No. 116 at 11].  Pursuant to Stenseng's industry experience, he may testify about his understanding of standard practice in the industry and any applicable rules.  If Stenseng's testimony at trial goes beyond his expertise and verges on speculation or

---

[2] Stenseng may not, however, speculate as to what, precisely, transpired in transactions that he did not witness, such as between NVI and Cashman.  See [ECF No. 116 at 9].

4

other improper opinion testimony, Defendant may renew its objection.  More specifically, Stenseng may not testify about what ABS would have done if presented with different gauging data.

### D.    Cashman's Transaction-Related Disclosures

Defendant seeks to exclude Stenseng's anticipated testimony as to whether Cashman's disclosures to HC&D were complete.  [ECF No. 116 at 12].  Stenseng may testify as to how, in his expert opinion, the disclosures would have been interpreted, whether such interpretation would have accurately reflected the condition of the barge, and what the practical consequences of the barge's condition would have been for a buyer.  He may not testify as to Cashman's legal obligations.

### E.    Surveys and ABS Classification

Defendant seeks to exclude Stenseng's anticipated testimony that two surveys, the 2020 NVI survey report and the 2017 C Breit Marine survey report, were "predicated on ABS Classification."  [ECF No. 116 at 13].  To the extent that Stenseng has experience with the at-issue surveys, he may testify as to standard practice in conducting those surveys, including outside sources that are typically relied on, and he may interpret evidence from the surveys themselves in light of that experience, but he may not speculate without basis as to the particular assumptions made by individual third parties issuing disputed surveys.

### F.    Costs to Operate the Barge for Commercial Use

Finally, Defendant seeks to exclude Stenseng's anticipated testimony that the barge will require expensive repairs in order to be operated commercially on the basis that Stenseng lacks knowledge and experience of commercial barge operation.  [ECF No. 116 at 13–14].  In light of Plaintiff's response, [ECF No. 126 at 10–11], this concern appears to be moot.  Stenseng may

testify, as Plaintiffs outline, what, in his experience, would be required to bring the barge into compliance with ABS classification.  If he goes beyond that, Defendants may renew their objection.

## III.    CONCLUSION

For the above reasons, Defendant's motion, [ECF No. 116], is **<u>DENIED</u>** with leave to renew at trial if Stenseng's testimony exceeds the boundaries delineated above.

**SO ORDERED.**

May 5, 2026                                                    */s/ Allison D. Burroughs*
                                                              ALLISON D. BURROUGHS
                                                              U.S. DISTRICT JUDGE