UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HC&D, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 22-cv-10224-ADB |
| | * | |
| CASHMAN EQUIPMENT CORP., | * | |
| | * | |
| Defendant. | * | |
| | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

The following order resolves certain issues that were raised immediately prior to trial.

Plaintiff's motion to strike a portion of Robert Bartlett's deposition errata, [ECF No. 124], is **DENIED**.  Rule 30(e)(1)(B) of the Federal Rules of Civil Procedure permits changes to a transcript or recording upon provision of "a statement listing the changes and the reasons for making them."  Plaintiff notes that Defendant did not expressly state any reasons for his changes. See generally [ECF No. 124-1].  Nonetheless, courts have latitude to accept even very short and general reasons, see, e.g., Allen v. Durham Sch. Servs., L.P., 340 F.R.D. 531, 534 (D.N.H. 2021) (citing Foutz v. Town of Vinton, 211 F.R.D. 293, 295–96 (W.D. Va. 2002)) ("[A] short, general justification may be an adequate reason for certain changes."); but see Tingley Sys., Inc. v. CSC Consulting, Inc., 152 F. Supp. 2d 95, 120 (D. Mass. 2001) (requiring that the "reason for the changes . . . is not conclusory"), and "Rule 30(e) does not limit a party to the correction of stenographic errors," Pina v. Children's Place, 740 F.3d 785, 792 (1st Cir. 2014).  Here, where Plaintiff's motion to strike was filed on the Thursday before trial was scheduled to begin and

concedes that "Bartlett's answers . . . are not independently subject to strike purely because they contradict his prior testimony," [ECF No. 124 at 3], the Court concludes that fairness requires excusing the procedural failure to provide a fulsome reason for the changes in Bartlett's errata.

As discussed in open court prior to the arrival of the jury today, May 5, 2026, the issue raised in Plaintiff's brief, [ECF No. 129], on Federal Rule of Evidence 602, is **MOOT** because there is no further dispute between the parties.

Concerning Plaintiff's brief on Federal Rule of Evidence 902, [ECF No. 130], the Court concludes that Plaintiff received sufficient notice, if barely, and was not unfairly surprised by Defendant's disclosure of the records custodian affidavit.  The "record and declaration [were made] available for inspection sufficiently in advance . . . to provide [Plaintiff] . . . with a fair opportunity to challenge them."  Fed. R. Evid. 902(11).  The jury had not yet been empaneled and due to an extended briefing schedule, many evidentiary issues remained outstanding at the time that Defendant disclosed the affidavit.  Accordingly, the evidence authenticated by the affidavit will not be excluded for failure to comply with Rule 902(11).

Concerning Plaintiff's brief arguing that Defendant failed to properly present evidence for the Court to determine whether attorney-client privilege attached, [ECF No. 132], the Court will not exclude the disputed communication on the basis of Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.  That rule permitted Defendant to "promptly present the information to the court under seal for a determination of the claim of privilege."  Fed. R. Civ. P. 26(b)(5)(B).  Although the Defendant's timing arguably stretches the meaning of "prompt," the Court is satisfied that the issue was raised before the start of trial and the Court may decide the claim of privilege.  The Court has reviewed the communication and finds that its substance is not related to a person's solicitation or receipt of legal advice, see Cavallaro v. United States, 284 F.3d 236,

245 (1st Cir. 2002) (summarizing the contours of attorney-client privilege), and it will therefore not be excluded as an attorney client communication.

Concerning Plaintiff's intent "to use portions of Cashman's 30(b)(6) deposition testimony," [ECF No. 111 at 19], the Court explains as follows. As the parties agree, see [ECF No. 111 at 23 (Defendant's concession that use of the deposition testimony at trial falls within the ambit of "what 'can' occur")], the Court "may not refuse to allow [a] deposition to be used merely because [a] party is available to testify in person," 8A Wright & Miller's Federal Practice & Procedure § 2145. At the same time, however, the Court "has discretion to exclude parts of the deposition that are unnecessarily repetitious in relation to the testimony of the party on the stand." Id.; see also Fed. R. Evid. 611(a) ("The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . make those procedures effective for determining truth; . . . avoid wasting time; and . . . protect witnesses from harassment or undue embarrassment."). The Court will, therefore, not preclude Plaintiff from using Defendant's 30(b)(6) deposition testimony as substantive evidence, but should Plaintiff wish to do so, it must notify the Court and Defendant no later than 24 hours prior to its presentation of the deposition testimony and simultaneously submit to the court any deposition designations and objections. If and when Plaintiff notifies the Court of its intent to use deposition testimony, the Court will consider the specific contours of Plaintiff's request and provide further limitations on the presentation of evidence pursuant to Rule 611(a), but the witness will be subject to live cross examination. If Plaintiff elects to proceed by deposition, its redirect will also be so limited.

Finally, the Court briefly discusses the issue, raised in court by Defendant, of whether Plaintiff adequately disclosed its intent to seek cover damages. Rule 26(e) governs

supplementation of initial Rule 26(a) disclosures, and provides that supplements and updates to those disclosures must be made "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete . . . ." Fed. R. Civ. P. 26(e)(1)(A).  Courts often look to whether a party's trial preparation was prejudiced in deciding whether a party has complied with Rule 26(e)(1)(A).  E.g., Hertz v. Luzenac America, Inc., No. 04-cv-01961, 2006 WL 994431, at *7–8 (D. Colo. 2006).  If Rule 26(e)(1)(A) was violated, a party's failure to comply can only be excused if the lack of supplementation was either "harmless" or "substantially justified," and in the absence of such an excuse, the standard sanction is exclusion at trial.  Fed. R. Civ. P. 37(c)(1); see Silicon Knights, Inc. v. Epic Games, Inc., No. 07-cv-00275, 2012 WL 1596722, at *6 (E.D.N.C. 2012), though the Court has broad discretion to fashion sanctions pursuant to Rule 37(c), see Laplace-Bayard v. Batlle, 295 F.3d 157, 161–62 (1st Cir. 2002).  In court, the parties indicated that they would provide further information about when and how Plaintiff first notified Defendant that it would be seeking cover damages.  Accordingly, the Court will await that information before deciding whether Plaintiff should be prevented from presenting evidence related to cover damages at trial or whether what it disclosed can be properly categorized as consequential damages.

      **SO ORDERED.**

May 5, 2026

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

4