UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HC&D, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 22-cv-10224-ADB |
| | * | |
| CASHMAN EQUIPMENT CORP., | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Before the Court is Defendant's motion to exclude or limit the expert testimony of one of

Plaintiff's experts, Fred Rodolf, [ECF No. 117], which Plaintiff has opposed, [ECF No. 128]. As

more fully discussed on the record at trial, the motion is **DENIED**.

The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and

Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training,
> or education may testify in the form of an opinion or otherwise if the proponent
> demonstrates to the court that it is more likely than not that:
>     (a) the expert's scientific, technical, or other specialized knowledge will
>     help the trier of fact to understand the evidence or to determine a fact in
>     issue;
>     (b) the testimony is based on sufficient facts or data;
>     (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods
> to the facts of the case.

Fed. R. Evid. 702. Daubert requires the Court to "act as gatekeeper to 'insur[e] that the fact-

finding process does not become distorted by "expertise that is fausse and science that is

junky.""" Neural Magic, Inc. v. Meta Platforms, Inc., 659 F. Supp. 3d 138, 152 (D. Mass. 2023) (alterations in original) (quoting Fed. Ins. Co. v. Pentair Residential Filtration, LLC, No. 12-cv-10853, 2013 WL 6145531, at *3 (D. Mass. Nov. 21, 2013)).  First, the Court "determine[s] whether the witness is sufficiently qualified by 'knowledge, skill, experience, training, or education' to give his proffered opinion."  Id. (quoting Fed. Ins. Co., 2013 WL 6145531, at *3). Then, "[i]f the witness is deemed qualified, the judge must next determine whether the specific testimony offered in the case 'both rests on a reliable foundation and is relevant to the task at hand.'"  Id. (quoting In re Nexium (Esomeprazole) Antitrust Litig., 842 F.3d 34, 52 (1st Cir. 2016)).  This determination requires "an inquiry into the methodology and the basis for an expert's opinion," id. (quoting Samaan v. St. Joseph Hosp., 670 F.3d 21, 31 (1st Cir. 2012)), and there must be "an adequate fit between the expert's methods and his conclusions."  Id. (quoting Samaan, 670 F.3d at 32).  "[A] court may exclude an expert's opinion when it is based upon conjecture or speculation deriving from an insufficient evidentiary source."  E.E.O.C. v. Tex. Roadhouse, Inc., 215 F. Supp. 3d 140, 158 (D. Mass. 2016).

Defendant seeks to exclude Rodolf's anticipated testimony to the extent that it relies upon a third-party repair quote (the "ISP quote").  "[D]istrict courts must not 'unduly scrutinize[] the quality of the expert's data,' because such scrutiny 'usurps the role of the jury,'" Lawes v. CSA Architects & Eng'rs LLP, 963 F.3d 72, 99 (1st Cir. 2020) (quoting Manpower, Inc. v. Ins. Co. of Pa., 732 F.3d 796, 806 (7th Cir. 2013)), and experts do not need to independently validate data upon which they rely if reliance on its accuracy is reasonable for experts in that field, see, e.g., Nicholson v. Biomet, Inc., 46 F.4th 757, 766 (8th Cir. 2022); Masayesva v. Hale, 118 F.3d 1371, 1379 (9th Cir. 1997).  In light of the further detail and context concerning the ISP quote elicited during the testimony of Nick Leik, the Court is satisfied that the ISP quote possesses at least the

minimal reliability that it must to form the basis of Rodolf's expert opinion.[1]  Defendant remains free to argue that Rodolf's reliance on the estimate is "shaky," Milward v. Acuity Specialty Prods. Grp., Inc., 639 F.3d 11, 15 (1st Cir. 2011) (quoting Daubert, 509 U.S. at 596), but "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking [such] . . . evidence," id. (quoting Daubert, 509 U.S. at 596).

For the above reasons, the motion is **<u>DENIED</u>**.

**SO ORDERED.**

May 8, 2026                                                  <u>*/s/ Allison D. Burroughs*</u>
                                                            ALLISON D. BURROUGHS
                                                            U.S. DISTRICT JUDGE

---

[1] Plaintiff's recent notice, [ECF No. 142], which includes the steel renewal plan that was provided to ISP, bolsters the Court's conclusion, but the Court would reach the same result on the basis of Leik's testimony alone.