UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HC&D, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 22-cv-10224-ADB |
| CASHMAN EQUIPMENT CORP., | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Following an eight-day trial in May 2026, [ECF Nos. 131, 136, 140, 144, 146, 151, 154, 156], a jury found against Defendant Cashman Equipment Corp. ("Cashman") and awarded Plaintiff HC&D, LLC ("HC&D") $1,119,231.19 in damages, [ECF No. 161]. On August 11, 2026, the Court denied the parties' cross-motions for judgment as a matter of law and new trials. [ECF No. 171]. On August 12, 2026, HC&D moved for an assessment of costs in its favor as the prevailing party, [ECF No. 172 ("Mot.")], which Cashman opposed on August 24, 2026, [ECF No. 173 ("Opp.")]. That motion is now before the Court. For the following reasons, it is **GRANTED IN PART** and **DENIED IN PART**.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1920, which "defines the term 'costs' as used in Rule 54(d)," Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. 560, 565 (2012) (quoting Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987)), provides that the following categories may be taxed as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . . .

28 U.S.C. § 1920. While "[t]here is a background presumption [under Rule 54(d)] favoring cost recovery for prevailing parties," B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc., 516 F.3d 18, 28 (1st Cir. 2008), "[t]he award of costs is a matter given to the discretion of the district court," Rodriguez-Garcia v. Davila, 904 F.2d 90, 100 (1st Cir. 1990); accord Taniguchi, 566 U.S. at 565 ("[Rule 54(d)] gives courts the discretion to award costs to prevailing parties.").

HC&D seeks recovery of (1) $402.00 in clerk's fees, see [Mot. at 1, 4]; (2) $419.60 in service-of-process fees, see [id.]; [ECF No. 172-1]; (3) $23,991.12 in deposition and transcript costs, see [Mot. at 2, 4]; [ECF No. 172-2]; (4) $2,533.57 in copying costs for trial exhibits, see [Mot. at 2, 4]; [ECF No. 172-3]; (5) $2,626.00 in witness fees, see [Mot. at 4]; and (6) $20.00 in attorney's docket fees pursuant to 28 U.S.C. § 1923(a), see [id. at 2, 4]; for a total of $29,992.29, see [id. at 1–4]. Apart from attaching invoices in support of the amounts requested, HC&D did not provide any further argument concerning the award it seeks. See generally [id.]. Cashman does not dispute that HC&D is the prevailing party, see [Opp. at 1–2], but it argues that HC&D should be awarded less than the amount it requested in several categories, see [id. at 2–8].

## I. UNDISPUTED CATEGORIES

Cashman does not challenge the $402.00 in clerk's fees, the $2,533.57 in trial exhibit copying costs, or the $20.00 docket fee. [Opp. at 8]. The Court concludes that each of these costs is appropriately awarded to HC&D.

## II. SERVICE-OF-PROCESS FEES

HC&D has submitted a paid invoice from a private process server in Louisiana in the amount of $419.60. [ECF No. 172-1 at 2]. Cashman contends that recoverable service fees should be limited to the rate charged by the U.S. Marshal. [Opp. at 2 (citing Caruso v. Delta Air Lines, Inc., 616 F. Supp. 3d 132, 136–37 (D. Mass. 2022))]. Other sessions of this Court, relying on the fact that neither 28 U.S.C. § 1920 nor the Court's procedures expressly include fees for service in their lists of taxable costs, have held that "a party 'may recover only the equivalent of the marshal's fee'" when a private process server completes service. SiOnyx, LLC v. Hamamatsu Photonics K.K., 540 F. Supp. 3d 85, 88 (D. Mass. 2021) (quoting Palomar Techs., Inc. v. MRSI Sys., LLC, No. 18-cv-10236, 2020 WL 4938414, at *3 (D. Mass. Aug. 12, 2020)); accord Caruso, 616 F. Supp. 3d at 136–37.

It appears that the First Circuit has not decided whether 28 U.S.C. § 1920's reference to marshal's fees means that parties who use private process servers (1) may not tax those costs at all, (2) may recover only the equivalent of the marshal's fee, or (3) may recover the full cost. Other circuits, however, have reached varying conclusions. Compare Knowles v. Temple Univ., 109 F.4th 141, 145 (3d Cir. 2024) ("[W]e decline to interpret § 1920(1) to reach private actors and thus reverse the award for costs incurred for private process servers."), with U.S. ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp., 95 F.3d 153, 172 (2d Cir. 1996) ("[Taxing service costs 'only to the extent that they do not exceed the costs that would have been incurred had the Marshal's office effected service,' Griffith v. Mt. Carmel Med. Ctr., 157 F.R.D. 499, 507–08 (D. Kan. 1994)),] provides the most persuasive basis for allowing the award of private process server fees should the district court . . . cho[ose] to award them."); Arrambide v. Wal-Mart Stores, Inc., 33 F. App'x 199, 203 (6th Cir. 2002) ("[A] district court

may tax costs for private process server fees to the extent that these . . . fees do not exceed the United States Marshal's fees."); Collins v. Gorman, 96 F.3d 1057, 1060 (7th Cir. 1996) ("[T]he district court must determine which of the service-related items . . . are described in § 1921(a), and then tax these costs in amounts that do not exceed what the Marshal Service would have charged for these tasks."); U.S. EEOC v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000) ("We hold that private process server fees may be taxed . . . [provided that they] do not exceed the statutory fees authorized in § 1921."), and with Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 178 (9th Cir. 1990) ("Now that the Marshal is no longer involved as often in the serving of summonses and subpoenas, the [full] cost of private process servers should be taxable under 28 U.S.C. § 1920(1).").

Without any argument by HC&D concerning its entitlement to the full cost of private service, the Court concludes that limiting HC&D's recovery to the equivalent marshal's fee is appropriate for the facts of this particular case, in light of the majority of circuit courts and other sessions of this Court adopting the same approach under similar circumstances. "As is the custom, this Court will assume that each service of process"—here, just a single service—"would have taken one hour," charged at the U.S. Marshals Service's current rate, as set forth in 28 C.F.R. § 0.114. Caruso, 616 F. Supp. 3d at 136. "To award the additional fees accrued from using private process servers . . . would be excessive," id., and perhaps beyond the limits set forth by Congress. Accordingly, HC&D may recover $65.00 for service of process.

## III. DEPOSITION COSTS

"If deposition transcripts are introduced in evidence or used at trial, their costs are generally recoverable. For all other deposition transcripts, the court may exercise its discretion to award costs if 'special circumstances' exist, including, for example, when the prevailing party

relies on the transcripts in a dispositive motion." Brigham & Women's Hosp., Inc. v. Perrigo Co., 395 F. Supp. 3d 168, 172 (D. Mass. 2019) (quoting Sharp v. Hylas Yachts, Inc., No. 11-cv-11814, 2016 WL 10654435, at *2 (D. Mass. June 14, 2016)) (citing Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir. 1985)); accord SiOnyx, 540 F. Supp. 3d at 89. HC&D seeks $23,991.12 in deposition and transcript costs, supported by a series of paid invoices. See [Mot. at 2, 4]; [ECF No. 172-2].

### A. Which Depositions Were Used at Trial

Cashman does not dispute that the depositions of Anoop Palassery, Marty Dupre, James M. Cashman, and Xiaofeng Qui were used at trial, and thus that their costs are recoverable. [Opp. at 3–4 (citing [ECF Nos. 146, 151])]. Concerning the depositions of Raymond Riddle and Jamie Guy, which were separately invoiced as two volumes, Cashman contends that HC&D should only be able to recover for volumes actually used at trial, which HC&D has not specified. [Id. at 4]. Cashman also contends that the interpreter and first volume fee for Xiaofeng Qui should be excluded because they were not used at trial. [Id. at 5]. Finally, Cashman contends that the remaining depositions were not used at trial at all, and that their costs are thus not recoverable. [Id. at 4–5].

Other sessions of this Court have treated deposition costs on a witness-by-witness basis, without mentioning individual deposition volumes or other cost components. See, e.g., SiOnyx, 540 F. Supp. 3d at 89 (concluding that for any witness whose deposition video was used, all "costs related to those depositions were 'necessarily obtained for use in the case' and are taxable" without separating deposition costs into further subcomponents). The Court will do the

same here and permit HC&D to recover all deposition costs related to Riddle, Guy, and Qui,[1] as well as costs related to the depositions that Cashman concedes were used at trial. As for the remaining depositions, HC&D has not set forth how or when they were used at trial, or that some other special circumstance supports awarding their costs in the absence of use at trial, so the Court agrees with Cashman that HC&D has not shown its entitlement to an award of costs.[2]

### B. Summary and Processing Fees

Cashman seeks exclusion of so-called "extra" fees in the amount of $49.00 per deposition for processing and $95.00 per deposition for summaries. [Opp. at 3]. The Court is satisfied that those fees are sufficiently related to HC&D's obtaining and using the deposition testimony, particularly in light of the fees' small amount in relation to the overall deposition cost, and are thus taxable.

### C. Summary

For the foregoing reasons, the Court will tax a total of $11,208.62 in HC&D's deposition costs against Cashman, representing $1,105.50[3] for Anoop Palassery, [ECF No. 172-2 at 2];

---

[1] Because interpretation costs were among those related to the Qui deposition, the Court notes that other sessions of this Court have recognized interpretation as a taxable cost when associated with a deposition. See SiOnyx, 540 F. Supp. 3d at 92.

[2] Because the Court agrees with Cashman that the depositions of Volner, Wakayama, Rodolf, and Stenseng are not properly taxable in the first instance, it does not decide whether they should also not be recoverable because those witnesses were employees and outside experts hired by HC&D. See [Opp. at 5–6]. For the same reason, the Court does not reach whether the transcript costs of George Wittich and Robert Bartlett would otherwise be taxable. See [id. at 6–7].

[3] This figure from the invoice for Palassery, [ECF No. 172-2 at 2], is the sum of $895.50, which is the dollar amount Cashman lists as "uncontested," [Opp. at 4], and $210.00, which reflects the attendance fee, [ECF No. 172-2 at 2]. It appears that Cashman inadvertently omitted the attendance fee only for Palassery, as the "uncontested" figures for Dupre, Cashman, and Qui do include their respective attendance fees, see [Opp. at 4]; [ECF No. 172-2 at 9, 16, 19].

$969.40 for Marty Dupre, [id. at 9]; $1,272.50 for James M. Cashman, [id. at 16]; $4,091.22 for Xiaofeng Qui, [id. at 12, 19, 21]; and $3,770.00 for Ray Riddle and Jamie Guy, [id. at 10, 13].

## IV. WITNESS FEES

28 U.S.C. § 1821 sets forth attendance fees and subsistence allowances to be paid to witnesses. HC&D seeks $2,626.00 for its witnesses' attendance. [Mot. at 5]. Cashman does not dispute the rates used to calculate the attendance fee and subsistence allowance, see [Opp. at 7], but "does dispute the number of attendance days sought," [id.]. Cashman contends that HC&D should not be able to recover for "every day a witness cho[se] to remain at trial" beyond the days that the witness testified. [Id.]. As Cashman points out, "no explanation was provided why the non-testimony days for these witnesses should be recoverable." [Id. at 8–9]. As another session of this Court has said, compensation "may also be awarded for each day the witness necessarily attends trial [and] time spent during delays and temporary adjournments." Haemonetics Corp. v. Fenwal, Inc., 863 F. Supp. 2d 110, 117 (D. Mass. 2012) (alteration in original) (first emphasis added) (quoting Soberay Mach. & Equip. Co. v. MRF Ltd., 181 F.3d 759, 772 (6th Cir. 1999)). Because HC&D has "give[n] no explanation why claims for the [non-testifying] days are reasonable or necessary," id. at 118, the Court will not award attendance fees for those non-testifying days.

## V. CONCLUSION

For the foregoing reasons, the Court awards the following costs to HC&D:

- Clerk's fees: **$402.00**
- Service fees: **$65.00**
- Transcript fees: **$11,208.62**
  - Anoop Palassery, [ECF No. 172-2 at 2]: $1,105.50
  - Marty Dupre, [id. at 9]: $969.40
  - James M. Cashman, [id. at 16]: $1,272.50
  - Xiaofeng Qui, [id. at 12]: $544.65
  - Xiaofeng Qui, [id. at 19]: $1,896.57

  - Xiaofeng Qui, [id. at 21]: $1,650.00
  - Ray Riddle and Jamie Guy, [id. at 10]: $1,984.50
  - Ray Riddle and Jamie Guy, [id. at 13]: $1,785.50
- Printing and copying costs: **$2,533.57**
- Witness fees: **$2,026.00**
  - Rick Volner: $556.00
  - Arne Stenseng: $318.00
  - Fred Rodolf: $278.00
  - Dale Sause: $556.00
  - Nick Leik: $278.00
  - Ron Greger: $40.00
- Docket fees: **$20.00**

**Total: $16,255.19**

**SO ORDERED.**

October 6, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE